BRIAN HOLLAND AND DIEDRE HOLLAND, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holland v. Commissioner
Docket No. 28058-89
United States Tax Court
T.C. Memo 1991-400; 1991 Tax Ct. Memo LEXIS 429; 62 T.C.M. (CCH) 498; T.C.M. (RIA) 91400; August 14, 1991, Filed *429 Frederick A. Patmon, for the petitioners. Timothy S. Murphy, for the respondent. DAWSON, Judge. GUSSIS, Special Trial Judge. DAWSON
MEMORANDUM OPINION This case was heard by Special Trial Judge James M. Gussis pursuant to the provisions of section 7443A(b)(4) and Rule 180 et seq. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction, filed January 22, 1990, on the ground that the petition was untimely filed, and petitioners' cross Motion to Dismiss for Lack of Jurisdiction, filed February 23, 1990, on the ground that the notice of deficiency was not mailed to petitioners' last known address. A hearing was held on *430 the motions on June 25, 26, and 27, 1990. Petitioners resided at 14 Stirrup, Bell Canyon, California 91307 at the time the petition herein was filed. Section 6212(a) authorizes the Secretary upon the determination of a deficiency in income tax, to issue a notice of deficiency by certified or registered mail to the taxpayer at his "last known address." Congress enacted section 6212(b)(1) as a safe harbor that protects the Secretary by establishing a procedure for giving notice that "shall be sufficient" in cases where, due to the taxpayer's failure to give notice of a change of address, actual notice cannot be perfected. . A notice of deficiency is valid, regardless of actual receipt by the taxpayer, if mailed to the taxpayer's "last known address." Sec. 6212(b)(1); see , affd. . Respondent is entitled to treat the address on the taxpayer's most recently filed return as the last known address absent "clear and concise notification" of a new address. ; *431 , affd. without published opinion . Where respondent becomes aware of an address other than the one on the taxpayer's return, he must exercise reasonable care and due diligence in ascertaining the taxpayer's correct address. . Petitioners filed their joint Federal income tax return for 1980 on April 30, 1984, and they subsequently filed their joint 1981 and 1982 returns on January 21, 1985. Petitioners' 1980 return showed their address as 210 Bell Canyon Road, Bell Canyon, California 91307. Their 1981 and 1982 returns showed their address as 70 Dapple Gray Road, Bell Canyon, California 91307. Petitioners moved to 14 Stirrup, Bell Canyon, California 91307, in late 1985 and have continued to reside at that address. Respondent mailed a statutory notice of deficiency for the taxable years 1980, 1981, and 1982 on April 29, 1987, addressed to petitioners at 70 Dapple Gray Road, Bell Canyon, California 91307 and also mailed a duplicate original of the notice to petitioners addressed to 14 *432 Stirrup, Bell Canyon, California 91307. In preparing the notice of deficiency for the years here involved, the responsible Internal Revenue Service employee reviewed the case file for petitioners' most current address and discovered that the Internal Revenue Service examiner used 14 Stirrup, Bell Canyon, California, as the most recent address which differed from the address shown on the 1980, 1981, and 1982 returns. The employee then initiated a computer check which showed 70 Dapple Gray Road, Bell Canyon, California, as the current address. The Internal Revenue Service employee did not locate any power of attorney in the petitioners' administrative file. At the time of the mailing of the notice of deficiency, the 1981 and 1982 returns filed by petitioners on January 21, 1985, showing their address as 70 Dapple Gray Road, Bell Canyon, California, were the most recent returns filed by petitioners. Since respondent was aware of an address other than the one on petitioners' most recent returns, a notice of deficiency was mailed to both the 70 Dapple Gray Road address and the 14 Stirrup address on April 29, 1987. In following these procedures, respondent exercised the requisite reasonable *433 care and due diligence in ascertaining petitioners' correct address. Respondent's revenue agents assigned to the taxable years 1980 through 1985 were not apprised of any changes in petitioners' correct address prior to the date the notice of deficiency was mailed. Algis Backaitis, an Internal Revenue Service employee for some 23 years, was assigned to examine petitioners' returns for 1980, 1981, and 1982 in August 1985. By letter dated August 30, 1985, Mr. Backaitis notified petitioners at the 70 Dapple Gray Road address of the examination. The revenue agent was aware that petitioners had been represented in prior tax years by a law firm whose partners included Frederick A. Patmon and Hallison H. Young, but the revenue agent did not receive a power of attorney for petitioners' tax years under examination. Walter Pauli, a special agent of the Internal Revenue Service, conducted an investigation of petitioners' 1983, 1984, and 1985 tax years. On December 5, 1985, Mr. Pauli, together with another special agent, interviewed petitioner Brian Holland in his home at 14 Stirrup, Bell Canyon, California. During this interview, petitioner stated that his attorney was Frederick A. Patmon. *434 Mr. Pauli did not receive a power of attorney designating Frederick A. Patmon or Hallison H. Young as petitioners' representatives with respect to petitioners' tax years 1983, 1984, and 1985. Petitioners actually executed a power of attorney (Form 2848) on November 27, 1987, some seven months after the notice of deficiency was mailed, appointing Frederick A. Patmon and Hallison H. Young as their representatives with respect to the tax years 1980 through 1988. The power of attorney showed petitioners' address as 70 Dapple Gray Road, Bell Canyon, California. Petitioners executed a second power of attorney on July 26, 1989, again designating Frederick A. Patmon and Hallison H. Young as their representatives for the years 1980 through 1988. The second power of attorney showed petitioners' address as 14 Stirrup, Bell Canyon, California. A validly executed power of attorney may suffice to render an attorney's address as the taxpayer's "last known address" if it directs that all original notices and written communications be sent to the taxpayer at the attorney's address. See . The mere existence of a power of attorney, *435 however, does not mean that the taxpayer's "last known address" is the address of the attorney. . Even if a validly executed power of attorney directs that all notices and communications relating to the taxpayers be delivered to the attorney, the failure to send a notice of deficiency to the attorney, as directed, is not necessarily fatal. See . Here the record does not establish to our satisfaction that a validly executed power of attorney for the years 1980, 1981, and 1982 was ever made available to respondent prior to the issuance by respondent of the notice of deficiency on April 29, 1987. Petitioner Brian Holland's testimony with respect to the execution of a power of attorney for those years was extremely vague and unsatisfactory. During the relevant period, respondent was unaware of any power of attorney in existence for those years. Petitioners' contentions that respondent's awareness that they were represented, at least in prior tax years, by an attorney, together with other tangential information, was somehow tantamount to an imputed clear *436 and concise notification to respondent of a change in petitioners' address is without merit. It is the responsibility of the taxpayer to clearly communicate his intention that a new address be used by respondent for tax matters. ; . There is a complete absence here of any clear guidance from the petitioners as to what information respondent was expected to examine in determining petitioners' "last known address." In short, under the factual circumstances before us, respondent was entitled to rely on the most recent returns filed by petitioners prior to the mailing of the notice of deficiency. As indicated above, the most recent returns showed 70 Dapple Gray Road as petitioners' address. Since respondent was aware of the 14 Stirrup address, he mailed a notice of deficiency to that address as well as the 70 Dapple Gray address. Under these circumstances, respondent was not required to take additional steps to effectuate delivery of the notice of deficiency after both copies were returned unclaimed. See . *437 The function of the notice of deficiency is to give the taxpayer notice that the Commissioner means to assess a deficiency against him and to give him an opportunity to have such determination reviewed by the Tax Court before it becomes effective. . Here respondent exercised due diligence in sending the notice of deficiency to the address on the most recent returns as well as to the 14 Stirrup address where petitioners still resided. We need not speculate as to reasons why the notice of deficiency remained unclaimed after notices of attempted delivery were made by the United States Postal Service. The notice of deficiency was mailed by certified mail to both addresses on April 29, 1987, as indicated by the United States Postal Service Form 3877 bearing the appropriate date stamp. We have considered the testimony of the Internal Revenue Service employees whose duties encompassed the processing and issuance of notices of deficiency, as well as the testimony of the United States Postal Service employee who testified with respect to procedures followed with respect to certified mail. We conclude on this record that *438 respondent has established his procedures for mailing notices of deficiency by certified mail and has also established that such procedures were followed in the instant case. See , affd. per curiam . Section 6501(a) provides, as a general rule, that a tax must be assessed within 3 years after a return is filed. For purposes of the statute, a return is deemed "filed" when it is received by respondent. , affd. . Petitioners' tax returns for 1980, 1981, and 1982 were untimely filed. We have considered the documentary evidence and the testimony in the record, and we are persuaded that petitioners filed their 1980 returns on April 30, 1984, and that they subsequently filed their 1981 and 1982 returns on January 21, 1985. Since the notice of deficiency for those years was mailed on April 29, 1987, we conclude that the notice was timely under the statute. Moreover, we note that the "statute of limitations is a defense in bar and not a plea to the jurisdiction of *439 this Court." . The envelopes containing the notice of deficiency mailed to petitioners at the 70 Dapple Gray Road and the 14 Stirrup addresses were both returned unclaimed by the postal authorities to the respondent after the Postal Service made unsuccessful attempts at delivery. Where, as here, a notice of deficiency is properly mailed, it need not be received to be effective. ; . We conclude on this record that the notice of deficiency dated April 29, 1987, was mailed to petitioners' last known address within the meaning of the statute and that petitioners have failed to establish that the notice was invalid. The 90-day period for timely filing the petition in this matter expired on July 28, 1987. We further conclude that the petition filed in this case on November 22, 1989, some 2 1/2 years after the mailing of the notice of deficiency, is untimely. Sec. 6213(a). Accordingly, respondent's motion to dismiss for lack of jurisdiction will be granted, and petitioners' *440 motion will be denied. An appropriate order will be entered. Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩